RONALD WILCOX, Bar #176601
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel:  (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Counsel for Plaintiff,
CHARLES RYAN ITALIANO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO

| | |
|---|---|
| **CHARLES RYAN ITALIANO**       ) | Civil Action No. **'13CV1323 BTM JMA** |
| Plaintiff,       ) | |
| v.       ) | **COMPLAINT** |
|        ) | DEMAND FOR JURY TRIAL |
| **WELLS FARGO BANK, N.A, and DOES** ) | |
| **1-10,**       ) | |
| Defendants.       ) | |

## I. INTRODUCTION

1. Defendants made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect an alleged disputed debt, despite his repeated requests they cease, and without his consent, including calling him approximately ninety (90) or more times in about fifty-two (52) days, from February to May 2013.  Defendant placed numerous telephone calls on the same day (with more than seven (7) calls to Plaintiff on some days).  Defendant made repeated telephone calls to Plaintiff's cellular telephone and would abruptly hang up on Plaintiff at times.

2. Defendants used automated dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

1

COMPLAINT

3. Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, depression, loss of concentration, amongst other injuries.

4. It is the pattern and practice, and the business plan of Defendant to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, and fail to cease and desist communicating, and to contact consumers at inconvenient times, which conduct has the natural consequence to annoy, oppress, harass and abuse. See *Babida v. Wells Fargo*, Case# 11O-CV-184728 (Santa Clara Superior Court 2010), *Wyatt v. Wells Fargo*, Case# 110-CV-175840 (Santa Clara Superior Court 2010); *Walker v. Wells Fargo*, Case# 111-CV-203386 (Santa Clara Superior Court 2011), and *Vierra v. Wells Fargo*, 112-cv-226437 (Santa Clara Superior Court 2012).

5. This is an action for damages brought by a consumer to redress the Defendant's violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.  In 2000 the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.) into the California FDCPA. See Civil Code §1788.17.

6. According to 15 U.S.C. Section 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k(d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367.

Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

8. Plaintiff Charles Ryan Italiano, (hereinafter "MR. ITALIANO" or "Plaintiff") is a natural person residing in San Diego County in the State of California.

9. On information and belief, Defendant, WELLS FARGO BANK, N.A. is a foreign business corporation doing business in California (hereinafter "WELLS FARGO"). WELLS FARGO, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

10. Defendants, WELLS FARGO is a "debt collector" as defined by California Civil Code §1788.2.

11. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

12. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to the Plaintiff for their conduct. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

13. Any reference hereinafter to "Defendant" or "Defendants" or "Wells Fargo", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

COMPLAINT

## IV. FACTUAL ALLEGATIONS

14. Plaintiff alleges on information and belief as follows:

15. Wells Fargo is telephoning Plaintiff in connection with an attempt to collect a consumer debt, a mortgage, incurred by someone else, for personal, family or household purposes..

16. The money Defendant is attempting to collect is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

17. On or about early February to mid May 2013, Defendant began to make repeated and continuous telephone calls to Plaintiff in connection with an attempt to collect the alleged debt.

18. From early February 2013 to mid May 2013, Defendants placed more than ninety (90) telephone calls to Plaintiff's cellular telephone, at times placing multiple calls to Plaintiff's cellular telephone per day, and on some occasions more than seven (7) times per day.  Defendants' calls were repeated and continuous, and were with such frequency as to be unreasonable and constitute harassment under the circumstances.

19. Upon information and belief Wells Fargo made recordings of its calls to Mr. ITALIANO.

20. MR. ITALIANO informed WELLS FARGO to stop calling him about any debts as he is not the person responsible for incurring the debt, right from the beginning.

21. However the Wells Fargo's repeated calls to MR. ITALIANO did not stop.

22. WELLS FARGO repeated and continuous calls to MR. ITALIANO from early February 2013 continued well into May 2013.

23. WELLS FARGO telephoned MR. ITALIANO at least once on February 21, 2013.

24. WELLS FARGO telephoned MR. ITALIANO at least once on February 23, 2013.

25. WELLS FARGO telephoned MR. ITALIANO at least once on February 24, 2013.

26. WELLS FARGO telephoned MR. ITALIANO at least three times on February 25, 2013.

27. WELLS FARGO telephoned Mr. ITALIANO at least seven times on February 26, 2013.

28. WELLS FARGO telephoned MR. ITALIANO at least four times on February 27, 2013.

29. MR. ITALIANO on February 27, 2013 called back WELLS FARGO and spoke to a representative explaining that he keeps getting phone calls about a mortgage debt; however he does not have a mortgage with WELLS FARGO.

30. WELLS FARGO'S representative told MR. ITALIANO that she could not find his number in WELLS FARGO'S system.

31. WELLS FARGO'S representative spoke to a supervisor who then connected MR. ITALIANO to WELLS FARGO'S corporate banking representative.

32. MR. ITALIANO was kept on hold for over fifteen (15) minutes waiting for a WELLS FARGO representative to explain to him why he was getting phone calls from WELLS FARGO after they had told him his number did not exist in WELLS FARGO'S system.

33. MR. ITALIANO then spent another fifteen (15) minutes with the WELLS FARGO representative, who informed him that she was placing his name on WELLS FARGO'S do not call list, and therefore he would no longer be receiving phone calls from WELLS FARGO, however the calls continued.

34. WELLS FARGO telephoned MR. ITALIANO at least once on March 11, 2013.

35. WELLS FARGO telephoned MR. ITALIANO at least once on March 12, 2013.

36. WELLS FARGO telephoned MR. ITALIANO at least twice on March 13, 2013.

37. WELLS FARGO telephoned MR. ITALIANO at least once on March 14, 2013.

38. WELLS FARGO telephoned MR. ITALIANO at least once on March 15, 2013.

39. WELLS FARGO telephoned MR. ITALIANO at least once on March 16, 2013.

40. WELLS FARGO telephoned MR. ITALIANO at least once on March 18, 2013.

41. WELLS FARGO telephoned MR. ITALIANO at least twice on March 19, 2013.

42. WELLS FARGO telephoned MR. ITALIANO at least twice on March 20, 2013.

43. WELLS FARGO telephoned MR. ITALIANO at least twice on March 21, 2013.

44. WELLS FARGO telephoned MR. ITALIANO at least once on March 22, 2013.

COMPLAINT

45. WELLS FARGO telephoned MR. ITALIANO at least once on March 23, 2013.

46. WELLS FARGO telephoned MR. ITALIANO at least once on March 25, 2013.

47. WELLS FARGO telephoned MR. ITALIANO at least twice on March 26, 2013.

48. WELLS FARGO telephoned MR. ITALIANO at least twice on March 27, 2013.

49. WELLS FARGO telephoned MR. ITALIANO at least twice on March 28, 2013.

50. WELLS FARGO telephoned MR. ITALIANO at least three times on March 29, 2013.

51. WELLS FARGO telephoned MR. ITALIANO at least once on March 30, 2013.

52. WELLS FARGO telephoned MR. ITALIANO at least once on April 2, 2013.

53. WELLS FARGO telephoned MR. ITALIANO at least once on April 3, 2013.

54. WELLS FARGO telephoned MR. ITALIANO at least once on April 4, 2013.

55. WELLS FARGO telephoned MR. ITALIANO at least once on April 5, 2013.

56. WELLS FARGO telephoned MR. ITALIANO at least once on April 9, 2013.

57. WELLS FARGO telephoned MR. ITALIANO at least once on April 10, 2013.

58. WELLS FARGO telephoned MR. ITALIANO at least twice on April 11, 2013.

59. MR. ITALIANO spoke to a WELLS FARGO representative on April 11, 2013 and told her again that he is not the person they are trying to reach.

60. MR. ITALIANO requested again that his name and phone number be removed from WELLS FARGO'S system.

61. WELLS FARGO'S representative placed MR. ITALIANO on hold for over five (5) minutes, then came back on the phone and told MR. ITALIANO that his phone number had been removed from the system and that he would no longer receive any phone calls.

62. WELLS FARGO'S representative apologized for the inconvenience, however the calls continued.

63. WELLS FARGO telephoned MR. ITALIANO at least once on April 12, 2013.

64. WELLS FARGO telephoned MR. ITALIANO at least once on April 13, 2013.

65. WELLS FARGO telephoned MR. ITALIANO at least once on April 16, 2013.

66. WELLS FARGO telephoned MR. ITALIANO at least five times on April 22, 2013.

COMPLAINT

67. WELLS FARGO telephoned MR. ITALIANO at least five times on April 23, 2013.

68. WELLS FARGO telephoned MR. ITALIANO at least five times on April 24, 2013.

69. WELLS FARGO telephoned MR. ITALIANO at least twice on May 17, 2013.

70. MR. ITALIANO telephoned WELLS FARGO on May 17, 2013 and again told WELLS FARGO to stop calling him as he was not the person they were looking for.

71. MR. ITALIANO asked WELLS FARGO to remove his phone number from their system.

72. WELLS FARGO'S representative told MR. ITALIANO that his phone number would be removed from the system.

73. WELLS FARGO'S representative apologized to MR. ITALIANO for the inconvenience, however the calls continued.

74. WELLS FARGO telephoned MR. ITALIANO at least twice on May 18, 2013.

75. WELLS FARGO telephoned MR. ITALIANO at least three times on May 19, 2013.

76. WELLS FARGO telephoned MR. ITALIANO at least five times on May 20, 2013.

77. WELLS FARGO telephoned MR. ITALIANO at least four times on May 21, 2013.

78. WELLS FARGO engaged in conduct the natural consequence which was to abuse and harass, including making repeated and continuous calls and hanging up on MR. ITALIANO.

79. WELLS FARGO telephoned MR. ITALIANO with such frequency that would be unreasonable under the circumstances.

80. WELLS FARGO made false, deceptive or misleading representations or means in connection with the collection of a debt, at times, hanging up, failing to disclose who was calling and the purpose of the call, and taking action they could not legally take.

81. WELLS FARGO engaged in unfair and unconscionable practices in an attempt to collect a debt, including using an automated dialing system, to place telephone calls to MR. ITALIANO'S cell phone, without MR. ITALIANO'S consent.

## V. FIRST CAUSE OF ACTION – ROSENTHAL FDCPA

82. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

83. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11, 1788.11(d), and 1788.17.

84. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## VI. SECOND CAUSE OF ACTION – INTRUSTION UPON SECLUSION

85. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

86. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

87. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

88. Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

89. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiffs emotional distress.

90. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

91. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VII. THIRD CAUSE OF ACTION - TCPA

92. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

93. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

94. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

95. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

96. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

97. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

98. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

99. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

100. Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

101. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

102. Defendants' violations were willful and knowing.

103. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

104. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

105. Defendants' acts were willful, intentional and knowing.

106. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

107. Plaintiff is entitled to recover actual and punitive damages.

## VIII. FOURTH CAUSE OF ACTION – NEGLIGENCE

108. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

109. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

110. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

111. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

112. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

113. Defendants owed a duty to refrain from outrageous and unlawful calls in connection with their attempts to collect a debt.

114. Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

115. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

116. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

### IX. FIFTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

117. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

118. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

119. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

120. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.   Statutory and actual damages pursuant to California Civil Code § 1788 et seq..

    B.   Costs and reasonable attorney's fees pursuant to Civil Code 1788 et seq.

    C.   Actual and punitive damages.

    D.   Award statutory damages in the amount of $500.00 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

    E.   For such other and further relief as may just and proper.

Respectfully submitted,

/s/Ronald Wilcox                                                      6/7/13
Ronald Wilcox, Attorney for Plaintiff                    Date

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

/s/Ronald Wilcox                                                      6/7/13
Ronald Wilcox                                                            Date

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Ryan Italiano

### DEFENDANTS
Wells Fargo Bank, N.A., and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald Wilcox, Bar No. 176601
1900 The Alameda Suite 530
San Jose, CA 95126  408-296-0400

Attorneys *(If Known)*

'13CV1323 BTM JMA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq. violations of the Fair Debt Collection Practices Act; & CA Civil Code 1788 et seq. violation
Brief description of cause:
Unlawful collection practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/07/2013 | /s/Ronald Wilcox |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.